# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In Re: | |
| MAX E. SALAS, | Bankruptcy Case No.: 18-260 |
| Debtor. | Chapter 11 |
| NICOLAAS J. BREKELMANS, *et al.*, | |
| Appellants, | |
| v. | No. 18-cv-2318 (KBJ) |
| MAX E. SALAS, | |
| Appellee. | |

## MEMORANDUM OPINION

Nicolaas J. Brekelmans, Gail Gregory Brekelmans, Michael McLoughlin, and Martha Johnson (collectively, "Appellants") have appealed from a decision of the United States Bankruptcy Court for the District of Columbia regarding real property that is also the subject of another, related bankruptcy proceeding in the Middle District of Tennessee. (*See* Appellants' Opening Br., ECF No. 6.) Before this Court at present is Appellants' motion to stay the bankruptcy court's order pending the resolution of this appeal, which Appellants have filed in an attempt

> to protect the Appellants['] interest in the Property, protect the Appellants' claims against the Debtor/Appellee and the Property in

> the Tennessee Bankruptcy Case[,] and avoid the unfair and inequitable result that the length of time in which this appeal is pending (and not decided) will threaten the Appellants['] rights to recover substantial assets in the pending bankruptcy matters.

(Appellants' Mot. to Stay the J. & Order of the Bankr. Ct. ("Appellants' Mot."), ECF No. 24, at 3.)[1] Appellants' motion makes clear that they are primarily seeking a stay of the bankruptcy court's order to preserve the claims that are at issue in the Tennessee case, but as the bankruptcy court below has already informed Appellants, staying the bankruptcy court's order would have no impact on the proceedings in Tennessee. (*See* Ex. A to Appellants' Mot. ("Bankr. Ct. Dec."), ECF No. 24-1, at 2, 6, 7.) Thus, this Court agrees with and will adopt the bankruptcy court's analysis with respect to the stay request, for the reasons explained below. As a result, Appellants' stay motion will be **DENIED**. A separate Order consistent with this Memorandum Opinion will follow.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

On April 18, 2018, Appellee Max E. Salas ("Salas" or "Appellee") filed for Chapter 11 bankruptcy in the District of Columbia. (*See* Mem. in Supp. of Appellants' Mot. ("Appellants' Mem."), ECF No. 24-2 at 5.) His son, Len Salas, filed his own, separate Chapter 11 proceedings in the Middle District of Tennessee. (*See id.*) Appellants are creditors of both father and son. (*See id.*) When Salas filed his petition for bankruptcy, he claimed an exemption for the real property that the motion to stay addresses, claiming that he owned and lived at the property, and that, therefore, the property is subject to the so-called Homestead Exemption and thus should not to be

---

[1] Page-number citations to the documents that the parties have filed refer to the page numbers that the Court's electronic filing system automatically assigns.

included in his bankruptcy estate. (*See id.* at 6.) Appellants objected to this claimed exemption. (*See id.*)

On September 25, 2018, the United States Bankruptcy Court for the District of Columbia (Judge S. Martin Teel, Jr., presiding) overruled Appellants' objection, and determined that Salas is entitled to the Homestead Exemption. (*See id.*; *see also* Appendix to Appellants' Br., ECF No. 6-1, at 5.) On October 9, 2018, Appellants filed a notice of appeal in this Court. (*See* Not. of Appeal from Bankr. Ct., ECF No. 1.)

On April 10, 2019, the trustee of the bankruptcy estate in Len Salas's bankruptcy proceedings in the Middle District of Tennessee filed a motion with that bankruptcy court seeking the authority to sell the bankruptcy estate's interest in all claims related to the property. (*See* Appellant's Mem. at 7.) More than one month later, on May 13, 2019, Appellants filed in *this* Court a motion to stay Judge Teel's decision regarding the Homestead Exemption pending appeal. (*See* ECF No. 16.) This Court issued an Order to Show Cause why the Court should not deny the motion to stay for failure to comply with Federal Rule of Bankruptcy Procedure 8007 (*see* ECF No. 18; *see also* Fed. R. Bankr. P. 8007(a)(1), (b)(2) (requiring a party seeking a stay pending appeal to "move first in the bankruptcy court[,]" or "show that moving first in the bankruptcy court would be impracticable"), and Appellants withdrew their motion (*see* ECF No. 20). Appellants then filed a motion to stay with the bankruptcy court (*see* Appellants' Resp. to the Court's Order to Show Cause, ECF No. 19, at 2), and on June 5, 2019, the bankruptcy court denied Appellants' motion to stay as moot (*see* Bankr. Ct. Dec. at 2, 6 (concluding that "a stay would serve no purpose" because, even if the bankruptcy court's order were stayed, the "trustee in Len's bankruptcy case[] [would be] free to

press forward with attempting to obtain court authorization for a sale of whatever interest Len has in the Property")). Appellants then filed a second motion to stay in this Court. (*See* Appellants' Mot.).

In their motion to stay, Appellants maintain that because the trustee of Len Salas's bankruptcy estate invoked section 363(m) of Title 11 of the United States Code in the Middle District of Tennessee when seeking authority to sell that bankruptcy estate's interest in the real property at issue, any sale of that bankruptcy estate's interest—if allowed to proceed—would potentially moot the appeal pending before this Court. (*See* Appellants' Mem. at 8.)[2] Appellants further insist that this Court's stay of the bankruptcy court's decision below would "protect the Appellants' claims to the equity in the Property"; protect "the Appellants' claims in the Len's Bankruptcy against [Appellee] and the Property"; and "avoid the unfair and inequitable result that the length of time in which this appeal is pending (and not decided) will threaten the Appellants' rights to recover substantial assets in the pending bankruptcy matters." (*Id.*) Finally, Appellants argue that a stay is justified because they are likely to succeed on the merits of their appeal (*see id.* at 11); they will suffer irreparable harm if a stay is not granted (*see id.* at 11–12); the balance of equities tips in their favor (*see id.* at 13); and public policy supports granting a stay (*see id.* at 13–14). Appellants' motion to stay Judge Teel's order is now ripe for this Court's review. (*See* Appellee's Opp'n to Appellants' Mot., ECF No. 26.)

---

[2] 11 U.S.C. § 363(m) provides: "[t]he reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal."

4

## II. LEGAL STANDARD

A court may grant a stay pending appeal upon consideration of the following factors:

> (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the Court grants the stay; and (4) the public interest in granting the stay.

*Cuomo v. U.S. Nuclear Regulatory Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985) (per curiam) (citation omitted); *see also In re Sabine Oil & Gas Corp.*, 551 B.R. 132, 142 (S.D.N.Y. 2016) (applying factors in bankruptcy context). When seeking a stay, "it is the movant's obligation to justify the court's exercise of such an extraordinary remedy." *Id.* at 978.

## III. ANALYSIS

This Court has reviewed Appellants' motion and Judge Teel's decision denying the motion to stay that Appellants filed in bankruptcy court, and it agrees with Judge Teel's thorough analysis and conclusion. As explained above, Judge Teel determined, essentially, that "[t]he Stay Motion makes no sense" (Bankr. Ct. Dec. at 6), because staying the order regarding the Homestead Exemption has no bearing whatsoever on the parties' various interests and objectives concerning Len Salas's bankruptcy estate (*see id.* at 2 (noting that "a stay would serve no purpose")).

As Judge Teel rightly observes, the trustee of the bankruptcy estate in the Middle District of Tennessee "is free to press forward with attempting to obtain court authorization for a sale of whatever interest Len has in the Property" *regardless* of

5

whether his order pertaining to the Homestead Exemption is stayed. (*Id.* at 6.) In other words, as far as this Court can tell, nothing about a stay of the bankruptcy court's characterization of the property as subject to the Homestead Exemption prevents the potential sale of Len Salas's bankruptcy estate's interest in the property, and nothing about any such sale moots the instant appeal of the bankruptcy court's order. Thus, if Appellants somehow discern that the proposed sale of Len Salas's bankruptcy estate's interest is disadvantageous, "[i]t is to the U.S. Bankruptcy Court for the Middle District of Tennessee that [Appellants] must turn to seek disapproval of any sale unfavorable to their interests, and to obtain a stay of any sale order which they view as unfavorable to them and that they consequently seek to appeal." (*Id.* at 7.)[3] And as Judge Teel noted, they must abide by *that* court's determination about the propriety of any sale, for "it is for the bankruptcy court in Len's bankruptcy case, not this court, to rule on the Trustee's Motion to Sell Property and the objections thereto." (*Id.* at 5 (emphasis omitted).)

Oddly, Appellants have not provided any response whatsoever to Judge Teel's reasoning and conclusion. The instant motion to stay is simply a verbatim copy of the motion that they filed in this Court on May 13, 2019, *prior* to Judge Teel's ruling (*compare* Appellants' Mem. *with* Appellants' Mem. in Support of Mot. to Stay the J. & Order of the Bankr. Ct., Dated Sept. 25, 2018, ECF No. 16-1), and it should go without saying that Appellants' mere regurgitation of particular arguments that Judge Teel

---

[3] Apparently, Appellants have already gone that route by "object[ing] in Len's bankruptcy case to the proposed sale" in *that* court. (Bankr. Ct. Dec. at 4.)

squarely rejected will not carry the day.[4]

What is more, Appellants' apparent concern that the invocation by Len's bankruptcy estate's trustee of section 363(m) of Title 11 of the United States Code, which "effectively preclude[s] any challenge to the proposed sale in Tennessee and, therefore, any right to prevent the Tennessee trustee from issuing a confirmatory deed of the Property to [Appellee]" (Appellants' Mem. at 12), is of no moment with respect to the instant stay request.  Again, as Judge Teel ably explained, "[s]ection 363(m) might result in [Appellants'] not being able to succeed in an appeal challenging an order authorizing the sale of Len's interest in the Property, but that is merely a reflection of the rights a purchaser will have under the Bankruptcy Code incident to a sale *in Len's bankruptcy case*."  (Bankr. Ct. Dec. at 8 (emphasis added).)  Indeed, even if section 363(m) "would effectively preclude any challenge to the proposed sale in Tennessee" (Appellants' Mem. at 12), it is unclear to this Court how a stay of Judge Teel's ruling would do anything to prevent that harm.  Consequently, this Court agrees with Judge Teel that "[t]he existence of [section] 363(m) has no bearing on whether this [C]ourt should grant the Stay Motion."  (Bankr. Ct. Dec. at 8.)

Appellants have raised one other possible injury that Judge Teel did not address: that "[Appellee's] counsel represented to the [bankruptcy court] that [the] intention was to seek a confirmatory deed once the sale [of Len's bankruptcy estate's interest in the

---

[4] For example, Appellants maintain that they will be irreparably harmed absent a stay because, if the trustee of Len's bankruptcy estate is allowed to sell "all actual or potential interests in that estate's claims related to the Property[,]" then "all recovery actions to recover the Property, or its equity, and all claims against [Appellee's] estate related to the Property" will be precluded. (Appellants' Mem. at 12.)  But Len's bankruptcy and his estate's interest in the property *is not before this Court*.  As Judge Teel explained, if Appellants wish to object to the sale of Len's bankruptcy estate's interest in the property, they must raise that issue in the Middle District of Tennessee. (*See* Bankr. Ct. Dec. at 7.)

7

property] was approved in Len's Bankruptcy and then seek dismissal of this appeal as moot." (Appellants' Mem. at 12.) Appellants thus insist that "absent a stay of the [Homestead] Exemption Decision, there is immediate danger that the Appellants will lose the right of appeal [in this case][.]" (*Id.*) But as explained repeatedly above and in Judge Teel's opinion, a stay of the Homestead Exemption decision in this Court will not thwart the sale of Len's bankruptcy estate's interest in the property, and Appellants make no attempt to explain *how* the requested stay could possibly affect Appellee's ability to seek a confirmatory deed or seek dismissal of this appeal. Appellants have also failed to demonstrate how Appellee's stated "intention" to seek a confirmatory deed and, eventually, "dismissal of this appeal" (*id.*) means that Appellants face an "actual and not theoretical" injury absent a stay, *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006) (quoting *Wisc. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C.Cir.1985) (per curiam)); *see also In re Sabine Oil & Gas Corp.*, 548 B.R. 674, 682 (Bankr. S.D.N.Y. 2016) ("A majority of courts have held that a risk of mootness, standing alone, does not constitute irreparable harm."). Therefore, it is clear to this Court that Appellants have not made the required showing that they face irreparable injury absent a stay of the bankruptcy court's Homestead Exemption decision, and thus have failed to justify this Court's issuing such a stay. *See Nat'l Ass'n of Mfrs. v. N.L.R.B.*, No. 11-1629, 2012 WL 1929889, at *1 (D.D.C. Mar. 7, 2012) ("[T]he movant's failure to make any showing of irreparable harm is grounds for refusing to grant a stay, even if the other three factors merit relief." (citing *Nken v. Holder*, 556 U.S. 418, 434–35 (2009); *Winter v. Nat. Res. Def. Counsel, Inc.*, 555 U.S. 7, 22 (2008); *Wis. Gas Co.*, 758 F.2d at 674)).

As a final note, this Court points out, as Judge Teel did previously, that Appellants have provided no justification for why they waited as long as they did to seek to stay the bankruptcy court's Homestead Exemption decision. Appellants filed their notice of appeal in this case on October 9, 2018 (*see* ECF No. 1), but waited until May 13, 2019, to file the first (procedurally defective) motion to stay the bankruptcy court's order (*see* ECF No. 16). Appellants withdrew that motion on May 23 (*see* ECF No. 20); filed their motion to stay with the bankruptcy court on May 28 (*see* Bankr. Ct. Dec. at 8); and filed the instant motion (which is substantively identical to the initial motion to stay) nearly two weeks later, on June 9 (*see* ECF No. 24). The trustee of Len's bankruptcy estate filed its motion for authority to sell Len's interest in the property with the bankruptcy court in Tennessee on April 10, 2019, a full *forty-eight days* before Appellants filed a procedurally proper motion to stay with the bankruptcy court here. (*See* Bankr. Ct. Dec. at 8.) Yet, Appellants filed the motion to stay at issue here less than 48 hours before the hearing that the Middle District of Tennessee apparently held concerning Len Salas's bankruptcy estate's motion for sale authority. (*See id.* at 9.) Thus, even if a stay were somehow justified, which it is not, it is clear that because of Appellants' delay, any such stay could not have been issued in time to prevent the sale that was apparently the impetus for their seeking a stay in the first place.

IV. **CONCLUSION**

For the reasons described above, this Court concludes, as the bankruptcy court did, that a stay of the bankruptcy court's decision pending this appeal would serve no

purpose.  Therefore, Appellants' motion to stay will be **DENIED**.


DATE:  July 3, 2019                          *Ketanji Brown Jackson*
                                             KETANJI BROWN JACKSON
                                             United States District Judge