UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re: MAX E. SALAS, | Bankruptcy Case No.: 18-260 |
| Debtor. | Chapter 11 |
| NICOLAAS J. BREKELMANS, *et al.*, | |
| Appellants, | |
| v. | No. 18-cv-2318 (KBJ) |
| MAX E. SALAS, | |
| Appellee. | |

## MEMORANDUM OPINION

Nicolaas J. Brekelmans, Gail Gregory Brekelmans, Michael McLoughlin, and Martha Johnson (collectively, "Appellants") appealed a decision of the United States Bankruptcy Court for the District of Columbia (Teel, J.) regarding certain real property that is also the subject of a related bankruptcy proceeding in the Middle District of Tennessee. (*See* Appellants' Opening Br., ECF No. 6.) Before this Court at present is Appellants' motion to supplement the record on appeal or, alternatively, to remand the case to the bankruptcy court. (*See* Appellants' Mot. to Supplement or Remand, ECF No. 17). Appellee Max E. Salas ("Salas") opposes that motion. (*See* Appellee's Opp. to Appellants' Mot. ("Opp."), ECF. 21.) As explained below, Appellants' motion to supplement the record must be **DENIED**, and their motion to remand—which is properly construed as a motion to voluntarily dismiss the appeal—will be **GRANTED**.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On April 18, 2018, debtor Max Salas filed for Chapter 11 bankruptcy in the District of Columbia. (*See* Mem. in Supp. of Appellants' Mot. to Stay, ECF No. 24-2 at 5.) His son, Len, filed his own, separate Chapter 11 proceedings in the Middle District of Tennessee. (*See id.*) Appellants are creditors of both father and son. (*See id.*) When Salas filed his petition for bankruptcy, he claimed an exemption for certain real property—arguing that, because he purportedly owned and lived on that property, the property was subject to the so-called "Homestead Exemption" such that it need not be included in his bankruptcy estate. (*See id.* at 6.) Appellants objected to this claimed exemption. (*See id.*)

On September 25, 2018, Judge Teel overruled Appellants' objection and determined that Salas was entitled to claim the Homestead Exemption. (*See id.*; *see also* Appendix to Appellants' Br., ECF No. 6-1, at 5.) On October 9, 2018, Appellants filed a notice of appeal in this Court. (*See* Not. of Appeal from Bankr. Ct., ECF No. 1.) On June 6, 2019, Appellants moved to stay Judge Teel's order (*see* Appellants' Mot. to Stay the J. & Order of the Bankr. Ct., ECF No. 24), and this Court denied that motion (*see* Mem. Op., ECF No. 27).

On May 13, 2019, Appellants filed a motion to supplement the record on appeal or, alternatively, to remand the case to the bankruptcy court. (*See* Mem. in Supp. of Appellants' Mot. to Remand ("Appellants' Mem."), ECF No. 17-1.) Appellants seek to introduce three transcripts of statements made by Salas and Len during the bankruptcy proceedings in the Middle District of Tennessee, all of which postdate Judge Teel's decision in this case. (*Id.* at 6.) According to Appellants, the information that

2

Appellants seek to introduce "clearly establishes a lack of consideration regarding the alleged transfer of the Property" at issue in the bankruptcy proceeding and is "determinative of the issue of consideration which is at the heart of the Bankruptcy Court's decision." (*Id*. at 9–10.) As an alternative to adding the statements to the record on appeal, Appellants contend that "remand would be appropriate." (*Id.* at 10.)

Salas opposes the motion to supplement the appellate record on the grounds that this Court is tasked with reviewing Judge Teel's decision "on the basis of a closed record, which is limited to the materials in the record when the lower court made the decision on review." (Opp. to Mot. at 5). Salas further argues that Bankruptcy Rule 8009(e) is inapplicable, because there was no error or omission in the record transmitted to this Court, and there are no exceptional circumstances that warrant the invocation of this Court's inherent equitable powers. (*Id.* at 8–10.) Salas also objects to a remand, asserting that it would not be proper to send this matter back to the bankruptcy court because the appeal was filed a long time ago and a remand would unfairly give Appellants another bite at the apple. (*Id.* at 11.)

## II. LEGAL STANDARD

When reviewing a matter that is on appeal from a bankruptcy court decision, a district court generally considers only the evidence that was part of the factual record considered below. *See* Fed. R. Bankr. P. 8006 ("The record on appeal shall include the items so designated by the parties, the notice of appeal, the judgment, order, or decree appealed from, and any opinion, findings of fact, and conclusions of law of the court."). Notably, the only federal bankruptcy rule that addresses supplementation is Federal

Rule of Bankruptcy Procedure 8009(e), which was enacted in 2014 and authorizes a district court to correct or modify the record on appeal "[i]f anything material to either party is omitted from or misstated in the record by error or accident." Fed. R. Bankr. P. 8009(e)(2)(C); *see also* Committee Notes on Rules—2014 Amendments ("[Rule 8009(e)], modeled on F. R. App. P. 10(e), provides a procedure for correcting the record on appeal if an item is improperly designated, omitted, or misstated.") Thus, Rule 8009(e) provides an avenue to correct the record on appeal and to bring it in conformity with the bankruptcy court record, rather than a mechanism for supplementing the record on appeal with new information that was never considered by the bankruptcy court.

Rule 8009(e) adopts the text of an analogous rule in the Federal Rules of Appellate Procedure. *Cf.* Fed. R. App. P. 10(e) ("If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded: . . . by the court of appeals."). In the D.C. Circuit, pursuant to Rule 10(e), courts reviewing decisions on appeal "do not ordinarily consider evidence not contained in the record" that was developed below. *Colbert v. Potter*, 471 F.3d 158, 165-66 (D.C. Cir. 2006); *see also Washington University*, 387 F.3d 872, 877 (D.C. Cir. 2004) (holding that, in light of Rule 10(e), an appellate court "will not normally consider evidence that a party never presented" below). Instead, "[t]he purpose of the rule is to permit correction or modification of the record transmitted to the Court of Appeals so that it adequately reflects what happened in the District Court." *In re Application of Adan*, 437 F.3d 381, 389 n.3 (3d Cir. 2006) (internal quotation marks and citation

omitted).  *See also Adamov v. U.S. Bank Nat. Ass'n*, 726 F.3d 851, 854 (6th Cir. 2013); *Midwest Fence Corp. v. Dep't of Transp.*, 840 F.3d 932, 946 (7th Cir. 2016).

With respect to all other requests for supplementation, the D.C. Circuit has recognized that courts may—in exceptional circumstances—choose to invoke their "inherent equitable power to allow supplementation of the appellate record if it is in the interests of justice." *Colbert*, 471 F.3d at 165–66 (internal quotation marks and citations omitted).  The D.C. Circuit has generally recognized "limited exceptions" to the prohibition against consideration of new evidence on appeal, and those exceptions only apply in circumstances where "injustice might otherwise result." *In re AOV Indus., Inc.*, 797 F.2d 1004, 1013 (D.C. Cir. 1986) (internal quotation marks and citation omitted).  For instance, in a case where the record on appeal included only a copy of the back side of a USPS Domestic Return Receipt and the appellant was challenging the sufficiency of the information contained in the receipt, the D.C. Circuit supplemented the appellate record with the front side of the receipt, which further confirmed the information on the back side. *Colbert*, 471 F.3d at 165–66.

In the bankruptcy context, the D.C. Circuit has expressly acknowledged this inherent equitable power to supplement the appellate record at least once.  In *AOV Industries*, a creditor had objected to fees awarded to the law firm of a Chapter 11 debtor, and between the time of the lower court's fee award and the appeal relevant time sheets were discovered. *See* 797 F.2d at 1012.  The D.C. Circuit noted that, while "[n]ormally, of course, we are not required to consider evidence presented for the first time on appeal[,]" the court of appeals has the discretion "to make limited exceptions to this rule when injustice might otherwise result." *Id.* at 1013.  Notably, however, under

the circumstances presented in *AOV Industries*, the D.C. Circuit declined to exercise that authority. The Circuit reasoned that, because "the time sheets [went] to the heart of the contested issue, it would be inconsistent with th[e] court's own equitable obligations, and its supervisory role in reviewing other courts in equity, to pretend that they do not exist." *Id.* Yet, the Circuit added, "it would be unfair to rely on these documents" for the first time on appeal, since "determining the significance of the new evidence requires factual inquiries, a duty strictly within the province of the [lower] court." *Id.* Consequently, the Circuit remanded the case back to the lower court. *Id*.

## III. ANALYSIS

Appellants have filed a motion in this Court to seek to supplement the record on appeal with certain transcripts that were created *after* the bankruptcy proceedings in this case, while the instant appeal was pending. (Appellants' Mem. at 6.) This Court concludes that Appellants' motion must be denied for at least two reasons.

First of all, it appears that Appellants' request does not satisfy Bankruptcy Rule 8009(e). As explained, Rule 8009(e) is not meant to allow a party to supplement the record on appeal with new evidence that was not before the bankruptcy court. Instead, like Federal Rule of Appellate Procedure 10(e), Bankruptcy Rule 8009(e) seeks "to ensure that the [district court] has a complete record of the [bankruptcy] proceedings leading to the ruling appealed from, not to facilitate collateral attacks on the verdict." *Shasteen v. Saver*, 252 F.3d 929, 934 n.2 (7th Cir. 2001). Appellants' motion does not seek to supplement the record in front of this Court with documents that the bankruptcy court considered but, "by error or accident[,]" were either "omitted from or misstated

6

in" the record transmitted to this Court. Fed. R. Bankr. P. 8009(e)(2)(C). Indeed, the transcripts that Appellants seek to introduce did not even exist at the time of Judge Teel's ruling.

Second, this Court is not persuaded that any extraordinary circumstance warrants the invocation of its inherent equitable power to supplement the record on appeal. In fact, the instant request is substantially similar to the supplementation effort that the D.C. Circuit rejected in *AOV Industries*. Moreover, unlike the receipt in *Colbert v. Potter*, the information that Appellants seek to introduce for the first time on appeal in this case is entirely new and actually contradicts other evidence in the record. Thus, in effect, an additional factual dispute among the parties would be created by the introduction of this new evidence. And, under 28 U.S.C. § 158(a), this Court is merely called to exercise *appellate* jurisdiction over Judge Teel's ruling, not to adjudicate any *new* factual disputes between the parties. That is precisely why, "[n]ormally, supplementation of the record is effected by remanding the case to the [court below] to allow that court to order the introduction of new evidence," where appropriate. *Colbert*, 471 F.3d at 166.

Appellants have requested such a remand as an alternative to allowing the new evidence to be submitted on appeal (*see* Appellants' Mem. at 10 (asserting that "remand would be appropriate"), and they have also made clear that they wish to have the matter sent back to the bankruptcy court so that the underlying issues pertaining to the new evidence can be litigated in the first instance before the bankruptcy court (*id.* at 7 (suggesting that, if this appeal was not pending, Appellants would be able to file a motion for reconsideration or for a new trial in the bankruptcy court)). Thus, this Court

7

will liberally construe Appellants' motion to remand as a motion for voluntary dismissal of this appeal pursuant to Federal Rule of Bankruptcy Procedure 8023 to enable the unencumbered additional litigation that Appellants envisions. *See In re Pawlak*, No. 15-cv-2665, ECF No. 11-1 (D. Md. Apr. 22, 2016) (construing an unopposed motion to remand to supplement the record with additional evidence as a motion for voluntary dismissal); *see also In re Earth Structures, Inc.*, No. 7:12-cv-1958, 2013 WL 145033, at *2 (D.S.C. Jan. 14, 2013) (granting opposed motion to remand in light of "new evidence").

So construed, this Court finds that Appellant's motion to voluntarily dismiss the instant appeal upon remand to the bankruptcy court should be granted. Under Rule of Bankruptcy Procedure 8023, which mirrors the language of Federal Rule of Appellate Procedure 42(b), "[a]n appeal may be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the district court[.]" It is generally recognized that "[a]n appellant may withdraw its appeal at any time," *In re Memorial Hosp. of Iowa County, Inc.*, 862 F.2d 1299, 1303 (7th Cir. 1988), and it is within this Court's discretion to grant such a motion unless special circumstances dictate otherwise, *see, e.g.*, *Kesterson v. Moritsugu*, 149 F.3d 1183 (6th Cir. 1998); *HCA Health Servs. of Virginia v. Metropolitan Life Ins. Co.*, 957 F.2d 120, 123 (4th Cir. 1992). The Court acknowledges that this appeal was first docketed a little over one year ago, on October 9, 2018, as Appellee notes. However, neither fairness nor justice requires that this appeal proceed when Appellants seek to litigate material issues of fact before the bankruptcy judge and have requested a remand for that purpose.

## IV. CONCLUSION

For the reasons explained above, and as set forth in the accompanying Order, Appellants' motion to supplement the record on appeal is **DENIED**, and Appellants' alternative motion to remand—which is properly construed as a motion to voluntarily dismiss this appeal and have the matter returned to the bankruptcy court under the circumstances presented here—is **GRANTED**. Consequently, the instant appeal is **DISMISSED**.

DATE: January 2, 2020

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge